UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBYN C.,<br><br>    Petitioner,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Respondent. | Case No. 4:22-cv-00054-DCN-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On August 13, 2019, Petitioner Robyn C. ("Petitioner") filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of August 1, 2019. Petitioner, a woman in her fifties, has a medical history that includes osteoarthritis in her ankle, feet, thumb, and hands; mild lumbar degenerative disc disease; obesity; and hearing loss. She also suffers from generalized anxiety disorder, attention-deficit disorder, and post-traumatic stress disorder ("PTSD").

Petitioner's claim was denied in November 2019 and again on reconsideration in May 2020. Petitioner subsequently requested a hearing in front of an Administrative Law Judge ("ALJ"), and a telephonic hearing was held by ALJ Wynne O'Brien-Persons on January 22, 2021. The ALJ found that although Petitioner had "severe impairments," she was not disabled and was still capable of performing her past relevant work as a customer service representative and employment clerk. Petitioner appealed the ALJ's decision to the Appeals Council, which denied her request to review. This made the ALJ's decision the

final decision of the Commissioner of Social Security ("Commissioner").

With her administrative remedies exhausted, Petitioner sought this Court's review of the ALJ's decision. Dkt. 1. The Clerk of the Court randomly assigned the case to United States Magistrate Judge Raymond E. Patricco. Dkt. 4. Because not all parties consented to Judge Patricco's jurisdiction, the case was reassigned to the undersigned. Dkt. 6. Nevertheless, consistent with the District of Idaho's standard practice, the undersigned referred this case back to Judge Patricco for all matters. Dkt. 7. On February 27, 2023, Judge Patricco issued a Report and Recommendation (the "Report") in this matter recommending that: (1) the decision of the Commissioner be affirmed; (2) the Petition for Review be denied; and (3) this action be dismissed in its entirety, with prejudice. Dkt. 17, at 14. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.*; *see* 28 U.S.C. § 636(b)(1). Petitioner filed an Objection and the Commissioner did not respond. Dkt. 18. The matter is now ripe for the Court's review.

For the reasons stated below, the Court accepts and adopts the Report in its entirety. The Court adds a few words by way of explanation to address Petitioner's Objections.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, a party objects to the report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id.*

For the Court to uphold the Commissioner's decision, it must be both supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v.*

*Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla, but less than a preponderance, of evidence. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role in this instant case is not to decide whether the ALJ was correct. The Court's only role is to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision made by the Commissioner.

### III. DISCUSSION

In her Objection, Petitioner raises two points of error: (1) that the ALJ "failed to provide any analysis of mental health evidence that might support withholding any form of mental health limitation from the RFC" after finding mild limitations in the psychiatric

review technique; and (2) that the ALJ did not have a "logical bridge" between her factual findings and the conclusion that the Petitioner was only limited to frequent fingering despite being limited to occasional grasping. Dkt. 18, at 1–2. After weighing the evidence, Judge Patricco concluded that the ALJ's residual functioning capacity ("RFC") assessment was supported by substantial evidence and that the ALJ adequately connected her findings incorporated therein to the evidence upon which she relied. After a *de novo* review, the Court agrees and adopts the Report in its entirety.

    First, when assessing a claimant's RFC, the Social Security Administration has outlined that "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" <u>Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims</u>, SSR 96-8P (S.S.A. July 2, 1996) at *5 (cleaned up). While an ALJ's Paragraph B[1] mental function analysis itself is not an RFC assessment, "when an ALJ performs the Paragraph B analysis and indicates the 'degree of limitation' is incorporated into the RFC, this is sufficient to carry the burden imposed by the Regulations." *Van Houten v. Berryhill*, 2019 WL 691200, at *14 (E.D. Cal. Feb. 19, 2019). Here, the ALJ considered each of Petitioner's mental impairments in a nearly three-page analysis of mental health evidence in her Paragraph B evaluation. *See* Dkt. 13-3, at 18–20. That analysis was then expressly incorporated into the ALJ's RFC determination. *Id*. at 21 ("The following residual functioning capacity assessment reflects the degree of

---

[1] 20 CFR, Part 404, Subpart P, Appendix 1–Listing of Impairments, sets forth four broad functional areas of mental functioning for evaluating mental disorders. These four areas are known as the "Paragraph B" criteria.

limitation I have found in the 'paragraph B' mental function analysis."). Because she incorporated her analysis of the mental health evidence and the degree of limitation found in the Paragraph B analysis into her RFC determination, the ALJ did not err in reaching her RFC determination.

Petitioner cites *Hutton v. Astrue*, 491 Fed. Appx. 850 (9th Cir. 2012), in support of her first argument. Dkt. 18, at 2. In that case, the court found the ALJ erred because the ALJ categorically excluded the petitioner's PTSD from consideration in the RFC determination after previously making a finding that the petitioner's PTSD did exist. "Th[at] exclusion was legal error." *Id*. at 851. This case is distinguishable. Here, the ALJ did not categorically exclude any of the Petitioner's alleged mental health impairments from consideration in the RFC determination; in fact, the ALJ expressly did consider Petitioner's mental health limitations, including concentration level, focus, "difficulty dealing with people," and PTSD, in reaching the RFC determination. Dkt. 13-3, at 24, 28. Furthermore, as discussed above, the ALJ had already met her burden when she incorporated her extensive analysis of Petitioner's mental health impairments into the RFC determination. Despite Petitioner's contentions, the ALJ's RFC determination is supported by substantial evidence.

The Petitioner next argues the "ALJ did not make adequate factual findings to support their decision" for the RFC limitations, thereby failing to create a "logical bridge between the findings and the conclusion that [Petitioner] was only limited to frequent fingering despite also being limited to occasional grasping." Dkt. 18, at 2-3. This argument is without merit. The "logical bridge" rule requires that an ALJ make adequate factual

MEMORANDUM DECISION AND ORDER - 5

findings to support her legal conclusions to allow for meaningful review by the district court. As Judge Patricco wrote:

> Reviewing the ALJ's decision here, the Court finds that it is adequately explained to allow for meaningful review. As discussed above, the ALJ clearly laid out Plaintiff's subjective symptom allegations and then proceeded to detail the evidence she found inconsistent with those allegations. Further, the ALJ discussed all the evidence she considered in reaching her RFC conclusions, including Plaintiff's reported symptoms, state agency medical evaluations, third party reports, and the objective medical evidence. In short, the ALJ's decision does not leave the undersigned guessing as to the reasoning for the ALJ's conclusions . . . .

Dkt. 17, at 9–10. The Court concurs with Judge Patricco.

The ALJ provided an extensive factual basis for her conclusions in a more than five page RFC determination considering the evidence in the record. Because the ALJ provided such relevant evidence that a reasonable mind might accept as adequate to support her RFC limitations for fingering and grasping, the decision is supported by substantial evidence.

## IV. CONCLUSION

In sum, Petitioner has not shown that the ALJ's opinion was unreasonable. The Court's role here is to *only* decide whether the ALJ's opinion was supported by substantial evidence and based on the applicable legal standards. The Court finds the ALJ provided legitimate reasons, supported by substantial evidence, for reaching her determinations. Therefore, the Court AFFIRMS the Report, DENIES the Petition for Review (Dkt. 1), and DISMISSES this action in its entirety, with prejudice.

## V. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. Petitioner's Objections (Dkt. 18) are OVERRULED.

2. The Report and Recommendation entered on February 27, 2023, (Dkt. 17) is INCORPORATED and ADOPTED in its entirety;

3. The Petition for Review (Dkt. 1) is DENIED.

4. The Commissioner's decision is AFFIRMED.

5. This action is DISMISSED with prejudice and CLOSED.

6. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58 and 42 U.S.C. § 405(g).

DATED: September 15, 2023

_____
David C. Nye
Chief U.S. District Court Judge